# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALBARO A. PIMENTEL, | ) | CASE NO. 1:16-cv-2099 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") (Doc. No. 17) of Magistrate Judge David R. Ruiz with respect to plaintiff's request for judicial review of defendant's denial of his applications for Disability Insurance Benefits ("DIB"), a Period of Disability, and Supplemental Security Income ("SSI").[1] The R&R concludes that the Commissioner's decision is supported by substantial evidence and recommends affirmance. Plaintiff filed objections to the R&R (Doc. No. 18 ["Obj."]) and defendant filed a response to the objection (Doc. No. 19 ["Resp."]), standing on the merits of its original brief. Upon *de novo* review and for the reasons set forth below, plaintiff's objections are overruled, and the Commissioner's decision is affirmed.

## I. BACKGROUND

This case is before the Court on appeal from a previous remand for further proceedings. *See Pimentel v. Comm'r of Soc. Sec.*, No. 1:14CV112, 2014 WL 7370079 (N.D. Ohio Dec. 29, 2014). In her remand order, Magistrate Judge Kathleen B. Burke[2] stated:

---

[1] Plaintiff herein is sometimes referred to as "claimant."

[2] In this earlier case, the parties consented to the jurisdiction of the magistrate judge.

> [T]he Administrative Law Judge [ALJ] failed to discuss the opinion of consultative examiner Richard Halas regarding Pimentel's moderate limitation in attention and concentration to perform simple, repetitive tasks; failed to adequately explain what weight he gave that portion of the opinion; and assessed an RFC that was inconsistent with that portion of the opinion. The ALJ also failed to discuss the opinion of state agency reviewer Dr. Mary Hill with respect to Pimentel's limitations in pace and changes in the work setting; failed to adequately explain what weight he gave that portion of the opinion; and assessed an RFC that contained no pace-based restrictions or work change restrictions.

(Doc. No. 11, Transcript ["Tr."] at 766.[3])

On remand, a different ALJ conducted a hearing on August 26, 2015. (*Id.* at 680-739.) Pimentel appeared and testified at the hearing, with the aid of an interpreter and represented by counsel. A vocational expert ("VE") and a medical expert also testified.

Of relevance to the instant case is the VE's testimony and conclusion relating to the following hypothetical posed by the ALJ:

> . . . Now we come to hypothetical number one. Our hypothetical person could not and cannot work in proximity to unprotected heights, dangerous moving machinery or other workplace hazards.
>
> Because of a hearing impairment, the hypothetical person could and can work only in a quiet environment. Because of a hearing impairment the hypothetical person could and can communicate with others by telephone up to and no more than frequently.
>
> The hypothetical person could and can speak, understand, read, and write fluently in Spanish. The hypothetical person could and can understand and follow only simple instructions written or spoken in English. The hypothetical person could and can speak and write only simply in English.
>
> The hypothetical person could not and cannot do work involving high or strict production quotas; could not and cannot do assembly line work or piece rate work; could not and cannot do work involving negotiation, arbitration, confrontation or other intense interpersonal interactions with the public, coworkers or supervisors.

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

> Could not and cannot manage or supervise other people; could not and cannot do work involving the hypothetical person being responsible for the health, safety or welfare of other people; and could not and cannot do work involving frequent changes or variation of tasks or routine.
>
> And as I just used the term in the preceding sentence and [inaudible] – I used the term frequently in that sentence only as used in its colloquial sense and not as it is defined in the U.S. Department of Labor's *Dictionary of Occupational Titles* or in 20 CFR 404.1567 or 416.967. Okay?

(*Id.* at 709-10.) The VE then testified that "this hypothetical person can perform [plaintiff's] past work as a cleaner, not of the production assembler." (*Id.* at 711.) He further testified that the hypothetical person could perform work as a sales attendant, a housekeeper, and a dining room attendant. (*Id.* at 712-13.)

On February 1, 2016, the ALJ issued his decision, determining that Pimentel was not disabled because he was "capable of performing past relevant work as a building maintenance worker, which the DOT calls commercial cleaner." (*Id.* at 669.) The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final. (*Id.* at 646-49.) Pimentel sought review by this Court, filing his complaint on August 22, 2016.

## II. DISCUSSION

**A.     Standard of Review**

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires *de novo* review as to those portions of the document to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of an administrative decision under the Social Security Act is limited to a determination of whether the ALJ applied the correct legal standards and whether there is

"substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 726 (6th Cir. 2014) (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854-55 (citation omitted). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (additional citation omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544-46 (6th Cir. 2004) (finding it was not harmless error for the

4

ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

**B.     De Novo Review of Objections**

In his brief on the merits before the magistrate judge, Pimentel raised two issues: (1) whether the ALJ erred at Step 4 of the sequential analysis by relying upon vocational expert testimony that contradicted, without explanation, information in the *Dictionary of Occupational Titles* ("DOT"); and (2) whether the ALJ erred in his evaluation of the treating source opinion of Theophilus Arthur-Mensah, M.D. and Felicia Fior-Nossek, APRN-BC, who noted limitations on plaintiff's ability to perform even unskilled jobs, and by failing to explain the weight he gave to this opinion. (Doc. No. 13 ["Pl. Brief"] at 1022.) The R&R addresses both issues. Plaintiff's objections challenge the R&R's conclusions.

   *1.     Objection 1*

The gravamen of the first issue raised by plaintiff in this administrative appeal is that the hypothetical posed by the ALJ to the VE properly included a limitation that the person "can work only in a quiet environment." The VE testified that the hypothetical person could perform Pimentel's past work as a cleaner and the ALJ accepted this testimony, concluding at Step 4 of the five-step analysis that Pimentel is not disabled. Pimentel argued before the magistrate judge that the occupation of "cleaner" is defined by the DOT as having an exposure to a moderate noise level. Plaintiff asserts that the ALJ never resolved this conflict.

Addressing the first issue, the R&R noted that, although Pimentel's counsel had the opportunity to cross-examine the VE (and did so on four specific issues that had *not* been included

5

in the ALJ's hypothetical[4]), he failed to address the limitation to a quiet environment. (R&R at 1090-91, quoting *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009) (the obligation to point out inaccuracies in the VE's testimony "falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT.").) The court in *Beinlich* also held that plaintiff's counsel's failure in this regard "is not grounds for relief." *Beinlich*, 345 F. App'x at 168-69 (citation omitted).

Although the R&R acknowledged that the ALJ cut off counsel's questioning because he had another hearing pending, it also notes that counsel failed to bring the conflict to the attention of the ALJ by way of a post-hearing brief, which the ALJ had invited. (R&R at 1089-92.) The R&R found no error with respect to the ALJ's determination at Step 4.

Pimentel challenges the R&R's assertion that, by prioritizing his questions to the VE in the manner he did, plaintiff's counsel essentially "squander[ed] the opportunity for cross-examination." (Obj. at 1102.) Plaintiff argues that he was entitled to "a fair and full hearing," and it was error for the ALJ to enforce arbitrary time constraints that impeded plaintiff's ability to fully question the VE. (*Id.* at 1102-03, citing *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).)[5] In plaintiff's view, because his hearing was cut short, this matter should be remanded.

---

[4] Counsel cross-examined the VE about (1) whether absenteeism would be viewed more strictly during a probationary period (Tr. at 717-18); (2) whether a housekeeper would ever have to work at a rapid pace (*id.* at 719-25); and (3) whether a limitation on any multitasking would impact the VE's testimony (*id.* at 726-27). Counsel also asked a hypothetical where the work environment must be static, with the limitation that changes must be gradually introduced. (*Id.* at 727-30.) Counsel did not inquire with respect to any noise limitations.

[5] Although generally citing *Richardson*, plaintiff fails to supply a pinpoint citation. Aside from being less than helpful, this practice violates a specific directive in this Court's Initial Standing Order: "All motions, including procedural motions, must be supported by reference to appropriate legal authority. *Where case law is cited in support of a party's position, the citation must pinpoint the page in the opinion where the legal proposition being advanced is located.*" (Doc. No. 4 at 29) (emphasis added).

In *Richardson*, a Social Security claimant challenged "the system of processing disability claims[,]" *Richardson*, 402 U.S. at 408, arguing that the Administrative Procedure Act ("APA"), rather than the Social Security Act, should govern the processing of claims. The claimant pointed specifically to 5 U.S.C. § 556(d), which provides that "[a] party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts." The Court held that "the social security administrative procedure does not vary from that prescribed by the APA." *Id*. at 409. Moreover, the Court stated that "[t]he matter comes down to the question of the procedure's integrity and fundamental fairness." *Id*. at 410.

Plaintiff's objection that it was fundamentally unfair for the ALJ to truncate the hearing and not permit a supplemental hearing due to time constraints lacks merit. It ignores the ALJ's express invitation that, if counsel was "worried that [the ALJ] might not give proper weight to something, [the] best bet is to file a post hearing brief." (Tr. at 737.) Further, the ALJ stated: "[I]f I decide that the hypotheticals I've asked [the VE] are incomplete I will send him interrogatories[.]" (*Id.*) The record contains no post-hearing brief from plaintiff and no proposed interrogatories for the ALJ to send to the VE. The record does contain a letter to the ALJ from plaintiff's counsel complaining again about the time limitations and renewing the request for a supplemental hearing. Therefore, plaintiff failed to avail himself of the opportunity to bring his concerns to the attention of the ALJ in any substantive way.

Although "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the [ALJ][,]" *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (citing *Richardson*), as correctly pointed out by the R&R, "'the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by

7

SSR 00-4p.'" (R&R at 1090, quoting *Beinlich*, *supra* (referencing the requirement in SSR 00-4p that the ALJ inquire of the VE whether there is any discrepancy between his opinions and the DOT standards for the job named).)[6] Here, the ALJ met his duty[7] and, further, invited the claimant to submit a post-hearing brief in lieu of any supplemental hearing,[8] which claimant failed to do.

As there is no error in the R&R with respect to the first issue raised by plaintiff on appeal, and since the ALJ did not fail in his duty to provide a full and fair hearing, plaintiff's first objection to the R&R is overruled.

### 2. *Objection 2*

Addressing the second issue raised by plaintiff on appeal, *i.e.*, the ALJ's alleged failure to assign a specific weight to his consideration of the October 23, 2012 jointly-signed letter of Dr. Arthur-Mensah and Nurse Fior-Nossek, the R&R reviewed the relevant law and regulations, as well as the requirement that the ALJ generally should explain the weight given to the various opinions, including both "acceptable medical source" opinions and "other source" opinions. The R&R reviewed medical records from this treating source spanning about two years and, ultimately, concluded that the ALJ's treatment of those records "complied with the pertinent regulations."

---

[6] For that matter, "neither the ALJ nor the VE is required to follow the DOT." *Beinlich*, 345 F. App'x at 168 (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (holding that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications")).

[7] The ALJ specifically asked the VE: "[H]as my hypothetical raised any issues not discussed at the DOT or [is] your testimony otherwise inconsistent with the DOT?" (Tr. at 713.) The VE responded: "It's not inconsistent with the DOT." (*Id.*) This met the requirements of SSR 00-4p. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) ("the ALJ satisfied his obligation under S.S.R. 00-4p by asking [the VE] about any apparent discrepancies between the information provided by the DOT and that which [the VE] himself presented[]") (cited by *Beinlich*, 345 F. Appx. at 168)).

[8] The hearing transcript also suggests that the ALJ was frustrated with claimant's counsel because he was attempting to ask questions that were outside the scope of the remand and, arguably, related in some way to ongoing litigation in Wisconsin wherein a challenge was being raised regarding alleged outdatedness of the DOT. The ALJ shut down those lines of questioning, even stating that counsel was being "defiant." (*See* Tr. at 732; *see also id*. at 720-21; 724.)

(R&R at 1096). In particular, the R&R concludes: "Reading the decision as a whole, the ALJ assessed Fior-Nossek and Dr. Arthur-Mensah's opinions after considering their examining relationship and the length, nature and extent of the treatment relationship . . . . Moreover, he addressed the supportability and consistency of the evidence regarding their opinions." (*Id.* at 1097, record citations omitted.) The R&R also concluded that the RFC accounted for all of plaintiff's identified limitations. Therefore, the R&R found that the Commissioner's decision was supported by substantial evidence.

By way of objection, plaintiff repeats his argument that the ALJ failed to assign weight to the opinion of Arthur-Mensah and Fior-Nossek, merely disagreeing with the R&R's conclusion, but not pointing to any particular error.[9] This is not a true objection and need not be given *de novo* review.

Plaintiff also argues that the R&R is in error to the extent it concludes that the RFC adequately addressed all of his limitations. Plaintiff points in particular to just one phrase in the Arthur-Mensah/Fior-Nossek opinion letter that he claims is not accounted for in the RFC, namely, his inability to "*maintain* even unskilled employment, which is the heart of the opinion evidence." (Obj. at 1105, emphasis in original.) He asserts that even the ALJ "noted . . . that the doctor indicated Mr. Pimentel's symptoms cause occupational and social dysfunction." (*Id.*, citing Tr. at 595.)

The ALJ's decision sets forth the following very detailed list of nonexertional limitations:

- Mr. Pimentel could not and cannot work in proximity to unprotected heights, dangerous moving machinery, or other workplace hazards.

---

[9] Plaintiff does erroneously assert that the R&R claims the ALJ gave the opinion "great weight." (Obj. at 1105, citing R&R at 1096.) But this mischaracterizes the R&R, which was merely quoting from the Commissioner's brief wherein it was stated that "it is reasonable to infer that the ALJ gave the opinion significant weight[.]" (R&R at 1096, quoting Doc. No. 15 at 1066.) The Court need not address this incorrect assertion as a proper objection.

- Because of a hearing impairment, Mr. Pimentel could and can work only in a quiet environment.
- Because of a hearing impairment, Mr. Pimentel could and can communicate with others by telephone up to and no more than frequently.
- Mr. Pimentel could and can speak, understand, read, and write fluently in Spanish.
- Mr. Pimentel could and can understand and follow only simple instructions written or spoken in English.
- Mr. Pimentel could and can speak and write only simply in English.
- Mr. Pimentel could not and cannot do work involving high or strict production quotas.
- Mr. Pimentel could not and cannot do assembly line work or piece rate work.
- Mr. Pimentel could not and cannot do work involving negotiation, arbitration, confrontation, or other intense interpersonal interactions with the public, coworkers, or supervisors.
- Mr. Pimentel could not and cannot manage or supervise other people.
- Mr. Pimentel could not and cannot do work involving him being responsible for the health, safety, or welfare of other people.
- Mr. Pimentel could not and cannot do work involving frequent changes or variation of tasks or routine. As used in the preceding sentence, the term "frequent" is used in its colloquial sense and not as it is defined in the U.S. Department of Labor's *Dictionary of Occupational Titles* ("DOT") or in 20 C.F.R. 404.1567 or 416.967.

(Tr. at 662.) These limitations were noted in the R&R. (R&R at 1098.) Plaintiff does not point out how these limitations assigned to the RFC by the ALJ fail to account for the Arthur-Mensah/Fior-Nossek opinion that his "symptoms have a negative effect on . . . ability to . . . maintain employment even for unskilled jobs." (Tr. at 644.) In fact, the ALJ stated that he considered the opinion and essentially agreed that plaintiff's symptoms "do cause occupational and social dysfunction." (*Id.* at 666.)

Plaintiff's use of italics when mentioning his ability to *maintain* even unskilled employment, suggests that his real argument is that he simply cannot work (*i.e.*, cannot maintain employment of any kind, even unskilled). But, the medical opinion does not support that conclusion; it merely highlights the "negative effect" and the "dysfunction" caused by Pimentel's

10

various symptoms. The ALJ specifically stated: "I further find the longitudinal history simply does not bear out a debilitating degree of functional limitations, such that would eliminate all work on a continuing basis." (*Id.* at 669.) All that plaintiff points to in opposition is the single phrase in the Arthur-Mensah/Fior-Nossek opinion. He makes no attempt to refute, discredit or distinguish any of the "longitudinal history" set forth in detail in the ALJ's decision. The gravamen of this objection is that plaintiff insists he is "disabled" and cannot work; but the five-step analysis establishes otherwise.

This objection is overruled.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections are overruled. Because the Commissioner's decision to deny Disability Insurance Benefits, a Period of Disability, and Supplemental Security Income is supported by substantial evidence, that decision is affirmed and this case is dismissed.

**IT IS SO ORDERED**.

Dated: August 15, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**